UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-11919-RWZ

JONATHAN ALVARADO MENDEZ

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, ET AL.

<u>MEMORANDUM & ORDER</u>

May 5, 2021

ZOBEL, S.D.J.

After plaintiff, apparently to avoid paying the fare for an MBTA[1] train at Quincy Center Station, jumped over the turnstile, two MBTA officers stopped him and asked his name. He panicked, ran away, and fell. By this time, five officers were in pursuit and when he fell, all jumped on him although he was in a prone position on the ground. Plaintiff alleges, and defendants dispute, that the collective weight of the officers caused him to suffer serious internal injuries which required hospitalization. He alleges violations of his constitutional rights by the officers' use of excessive force and by the MBTA's tolerance of a custom or policy of deliberate indifference to violations of constitutional violations by its officers.

The MBTA has moved for summary judgment on the ground that plaintiff has adduced no evidence to support his claim of municipal liability. See <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 694 (1978). Plaintiff must show, first, that

---

[1] "MBTA" refers to the Massachusetts Bay Transportation Authority.

1

there was a constitutional violation, second, that the municipality actually caused the constitutional violation and, third, that it acted with deliberate indifference to a known or obvious risk of serious harm. See Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005).

For causation in a failure-to-train claim, a plaintiff must show that the violation resulted from more than officer misconduct, namely that the lack of training was the moving force for "actions that were objectively unreasonable and constituted excessive force." See Justiniano v. Walker, 986 F.3d 11, 19-20 (1st Cir. 2021).

To prove deliberate indifference, a plaintiff must demonstrate either a "pattern of similar constitutional violations" or that the "need for more or different training is [] obvious and the inadequacy is [] likely to result in the violation of constitutional rights." Hill v. Walsh, 884 F.3d 16, 24 (1st Cir. 2018) (internal citations omitted).

The MBTA's motion is denied because, at this juncture, the record fails to disclose sufficient facts about the MBTA's policy on the use of body weight to restrain a suspect, particularly when the suspect is in the prone position. Nor does the record resolve questions of material fact concerning the specific training that officers receive regarding the application of body weight and whether the MBTA had cause to believe that a policy that allowed for the use of multiple bodies to effectuate an arrest would be likely to result in an unconstitutional use of force.

The motion for summary judgment (Docket # 49) is DENIED.

    May 5, 2021                                  /s/ Rya W. Zobel
       DATE                                        RYA W. ZOBEL
                                                  UNITED STATES DISTRICT JUDGE